**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3060
_____

HARLAN I. JOHNSON, SR.,
                                                        Appellant

v.

DELAWARE COUNTY JUVENILE DETENTION CENTER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-01166)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 5, 2013

Before:  AMBRO, SHWARTZ and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 26, 2013)
_____

OPINION
_____


PER CURIAM

        Harlan I. Johnson, Sr., proceeding pro se, appeals from an order of the United

States District Court for the Eastern District of Pennsylvania granting Appellee's motion

for summary judgment. For the reasons set forth below, we will vacate and remand for further proceedings.

I.

Johnson, a fifty-six-year-old African American male, began work as a detention officer at the Delaware County Juvenile Detention Center ("Detention Center") in June 1994. In May 2006, Ronald Berry, the Director of the Detention Center, fired Johnson for absence from his assigned duty station. Johnson filed a grievance with respect to the termination.[1] The judge presiding over the grievance hearing issued an order setting aside Johnson's termination (the "2006 order"). The judge also ordered that if in the future Johnson "absents himself from his assigned duty station, for any reason, without permission, he will be subject to immediate termination."

Thereafter, on January 11, 2010, while Johnson was on duty in Unit C-1, he conducted a cellular telephone call for approximately five minutes in an area inaccessible to inmates containing a stairwell and staff lockers. Surveillance cameras recorded the telephone conversation. On January 19, 2010, Berry fired Johnson for violating the 2006 order and the Detention Center's cellular phone policy.[2] Johnson again filed a grievance with respect to the termination. The presiding judge affirmed Berry's decision to

---

[1] Detention Center employees, such as Johnson, work under a collective bargaining agreement ("CBA") with the American Federation of State, County and Municipal Employees, District Council 88 ("AFSCME"). Johnson's grievance was filed in accordance with the CBA's procedure. AFSCME joined in Johnson's grievance.

[2] The Detention Center's Policy and Procedure Manual states that Detention Officers are

2

terminate Johnson. He found that Johnson absented himself from his assigned duty station without permission, in direct violation of the 2006 order.

Johnson not appeal his grievance. In March 2011, Johnson brought this employment discrimination action against the Detention Center alleging that he was fired and discriminated against based on his race in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII"), based on his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, and based on both race and age in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 et seq.[3] In support of his claims, Johnson argued that Nicholas Bellosi, a similarly situated, younger, white employee, was not terminated for leaving his work station without supervisory permission.[4] Johnson also argued that, before he was fired, no one had been fired for violating the cellular phone policy.

The Detention Center filed a motion for summary judgment, which the District Court granted. The District Court found that although Johnson had established a prima facie case of race discrimination, he "failed to meet his burden for raising a genuine issue

not permitted to bring cellular phones into the facility.

[3] In April 2010 Johnson filed a charge of discrimination based on race and age with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). On March 21, 2011, the EEOC issued a written dismissal and notice of rights to sue under Title VII.

[4] In December 2009, a resident assaulted Bellosi. He was treated by a nurse at the Detention Center and instructed to return to work, but left for the day. When he came back the next day, Bellosi had a note from the doctor saying he was medically cleared to return to work.

of material fact as to pretext in order to survive summary judgment" with respect to either claim of racial discrimination or age discrimination.[5] This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and summary judgment is to be entered if the evidence is such that a reasonable fact finder could find only for the moving party." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

## III.

We analyze Johnson's discrimination claims according to the familiar burden-shifting approach of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this framework, the plaintiff must first establish a prima facie case. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the discharge. If the defendant does so, the presumption of intentional discrimination

---

[5] The District Court concluded that Johnson's claims under the PHRA also failed because "the same legal standards and analysis are applicable to claims under both the ADEA and the PHRA," Glanzman v. Metro. Mgmt. Corp., 391 F.3d 506, 509 n.2 (3d Cir. 2004) (internal quotation omitted).

4

disappears, but the plaintiff can still prevail by showing that the employer's proffered reason is merely a pretext for discrimination. Id. at 802-05.

This appeal challenges the District Court's application of the last stage of the burden-shifting framework and requires us to determine whether Johnson put forth sufficient evidence of pretext. On summary judgment, Johnson may meet his burden by "providing evidence that would allow a fact finder reasonably to (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not the motivating or determinative cause of the employer's action." Sarullo v. U.S. Postal Serv., 352 F.3d 789, 799-800 (3d Cir. 2003) (citations and internal quotations omitted). "Thus, if [Johnson] has pointed to evidence sufficiently to discredit [the Detention Center's] proffered reasons, to survive summary judgment [he] need not also come forward with additional evidence of discrimination beyond his . . . prima facie case." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994).

The Detention Center claims that Johnson's employment was terminated because he violated the 2006 order and the policy prohibiting cell phone use. Disputing this proffered explanation, Johnson points to evidence that he argues casts doubt on the Detention Center's reasons. We conclude that Johnson has cast sufficient doubt on the Detention Center's reasons for terminating him to survive summary judgment. Most notably, Johnson presents evidence that cell phone use in the area where he used his cell

5

phone was not prohibited.[6]  Indeed, the District Court states that Johnson raised a genuine issue of material fact with respect to this fact.  If a fact finder concluded that Johnson had not absented from his work station, it necessarily follows that he was improperly terminated pursuant to the 2006 order.  Moreover, as explained by the District Court, if Johnson had not absented himself from his work station, yet was still fired, the fact that Bellosi, a younger, white employee, was not terminated for leaving his work area without supervisory permission "would permit an inference of unlawful discrimination sufficient to make a prima facie case." Johnson v. Del. Cnty. Juvenile Det. Ctr., No. 11-1166, 2013 WL 2414076, at * 11 (E.D. Pa. June 3, 2013).  This evidence can also be used to show pretext.  See Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 370 (3d Cir. 2008) ("[P]rima facie case and pretext inquiries often overlap.  As our jurisprudence recognizes, evidence supporting the prima facie case is often helpful in the pretext stage, and nothing about the McDonnell Douglas [] formula requires us to ration the evidence between one stage or the other.").  While the District Court is correct that "[t]o discredit the employer's proffered reason, . . . the plaintiff cannot simply show that the employer's decision was wrong or mistaken," Fuentes, 32 F.3d at 765, Johnson has raised questions about the

---

[6] The Detention Center argued that Johnson was estopped from claiming that he did not absent himself from his work station, in light of the final decision of his grievance.  We agree with the District Court that, because it is unclear whether Johnson was an at-will employee, there is "reasonable doubt" as to whether the finding that Johnson was absent from his work station was "essential" to the decision to deny his grievance.  See Chisholm v. Def. Logistics Agency, 656 F.2d 42, 50 (3d Cir. 1981).  Accordingly, Johnson is not estopped from arguing that he did not absent himself from his work station in support of his discrimination claims.

Detention Center's proffered legitimate reasons for terminating him such that "a reasonable factfinder *could* rationally find them unworthy of credence." Id. (emphasis in original) (citations and quotations omitted).

In addition to the evidence that Johnson was not absent from his work station when he was on his cell phone, and the incident involving Bellosi, Johnson presented evidence that, prior to his termination, no one had been fired for violating the cell phone policy. Moreover, Johnson asserts that Berry held a grudge against him and presents witness statements to this effect. It is possible that this alleged grudge traces back to 2006, when Berry improperly terminated Johnson for absenting from his work station once before. Thus, it is conceivable that, based on this history, a reasonable fact finder could conclude that Berry improperly terminated Johnson again in 2010. From this evidence, taken as a whole and viewed in the light most favorable to Johnson, a reasonable fact finder could infer that violation of the 2006 order and/or cell phone policy were "either [] *post hoc* fabrication[s] or otherwise did not actually motivate" Johnson's termination. Id. Accordingly, there are genuine issues of material fact with respect to pretext and the District Court erred in granting the Detention Center's motion for summary judgment.

IV.

Johnson's age discrimination claim under the ADEA is also governed by the burden-shifting framework established in McDonnell. See Fasold v. Justice, 409 F.3d 178, 183–84 (3d Cir. 2005). The Detention Center's argument that Johnson fails to show

that age was the "but for" cause of his termination pursuant to <u>Gross v. FBL Financial</u>

<u>Services, Inc.</u>, 557 U.S. 167 (2009), is misplaced. In <u>Gross</u>, the issue was whether the

burden ever shifts to the party defending a mixed-motive discrimination claim under the

ADEA *Id.* Here, Johnson's claims of discrimination are based on a pretext theory, not

mixed-motive and, thus, <u>Gross</u> is inapplicable. As with the Title VII claim, the proper

analysis is whether Johnson "produced sufficient evidence to establish that [the Detention

Center's] proffered rationale for terminating him was a pretext for age-based

discrimination." <u>Smith v. City of Allentown</u>, 589 F.3d 684, 691 (3d Cir. 2009). As

established above, there are genuine issues of material fact with respect to pretext and

summary judgment was improper.[7]

V.

For the foregoing reasons, we will vacate the District Court's order granting

summary judgment in favor of the Detention Center and remand for further proceedings.

---

[7] Johnson's claims under the PHRA are also governed by the burden-shifting framework established in <u>McDonnell</u>. <u>See</u> <u>Fasold</u>, 409 F.3d at 183-84. Accordingly, summary judgment for these claims was improper. <u>See Goosby v. Johnson & Johnson Med., Inc.</u>, 228 F.3d 313, 317 n.3 (3d Cir. 2000) ("The analysis required for adjudicating [plaintiff's] claim under PHRA is identical to a Title VII inquiry . . . , and we therefore do not need to separately address her claim under the PHRA.").